IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.                                            Case No. 1:12-cv-36-SPM-GRJ

CHERYL STINSON, et al,

    Defendants.

_____/

## O R D E R

Pending before the Court is Plaintiff's first amended complaint (Doc. 6) and his first amended motion for leave to proceed as a pauper. (Doc. 7.) Plaintiff has again failed to provide a complete financial certificate and inmate account statement in support of his motion for leave to proceed as a pauper. Plaintiff's attention is directed to paragraph 1 of the prisoner consent form and financial certificate, which provides "I must request an authorized official to complete the attached Financial Certificate and I must attach a print-out reflecting all transactions in my inmate bank account for the full six (6) month period of time preceding the filing of this complaint." (Doc. 7 at 3.) The Court will defer further review of Plaintiff's claims pending correction of these deficiencies.

Plaintiff has also filed a first amended complaint against a number of staff members at the Alachua County Jail on the Court's civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. (Doc. 6.) Plaintiff complains the staff members are interfering with his ability to send legal mail in and out of the jail as well as that they are interfering with his ability to telephone his friends and family. Plaintiff seeks each Defendant's prosecution as well as an injunction preventing the Defendants

from being able to handle anything belonging to Plaintiff's relatives ever again.

Pretrial detainees have a constitutional right of access to the courts. *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985). A pretrial detainee's First Amendment rights may be violated when outgoing mail to licensed attorneys, courts, and court officials is censored. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)("Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution."). Plaintiff states the Defendants interfered with his ability to send and receive his legal mail and has provided exhaustive factual detail supporting this claim. Accordingly, Plaintiff has provided facts sufficient to alert the Defendants to the nature and basis of his First Amendment claim regarding the censorship of his legal mail and, accordingly, will be allowed to proceed on this claim once he files a properly completed motion to proceed as a pauper.

In general, unlimited communication between pretrial detainees and their family and friends is not required under the First Amendment. *Duran v. Elrod*, 542 F.2d 998, 999-1001 (7th Cir. 1976). Nevertheless, such detainees are entitled to reasonable use of the telephone at reasonable times without impermissible limitations. *Nicholson v. Choctaw County, Ala.*, 498 F. Supp. 295, 310 (S.D. Ala. 1980); *O'Bryan v. Saginaw County, Mich.*, 437 F. Supp. 582 (E.D. Mich. 1977). Plaintiff alleges the Defendants deliberately took actions to keep him from being able to communicate with his friends and loved ones by means of restrictions on his ability to use the telephone as well as made efforts to ensure the calls Plaintiff placed would not go through. Plaintiff has provided facts sufficient to alert the Defendants to the nature and basis of his First Amendment claim regarding use of the telephone and, accordingly, will be allowed to proceed on this claim once he files a properly completed motion to proceed as a

pauper.

As part of his requested relief, Plaintiff asks the Court to prosecute the Defendants for the violations of his rights.  This Court has no authority to order the State Attorney's Office to prosecute an individual.  *Jones v. Ruiz*, No. A-08-CA-788-SS, 2011 WL 197872, at *7 (W.D. Tex. Jan. 19, 2011)("Nor does this Court have the power to order the criminal prosecution of Defendants.").  Accordingly, Plaintiff will be ordered to amend his First Amended Complaint to delete this request for relief.

To amend his first amended complaint, Plaintiff must fill out the civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff is advised that the second amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint or the First Amended Complaint.

Accordingly, it is **ORDERED**:

1. The **Clerk** is instructed to send the Plaintiff blank copies of the Court's form complaint for use by prisoners in actions under 42 U.S.C. § 1983 and a blank motion to proceed in forma pauperis for use by prisoners.  Plaintiff shall file a Second Amended Complaint, completing the complaint form in full, as well as a Second Amended Motion to Proceed In Forma Pauperis.  Plaintiff shall file the Second Amended Complaint, with a service copy for each Defendant, and the Second Amended Motion To Proceed In Forma Pauperis **on or before March 30, 2012.**

2. A ruling on Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **DEFERRED** pending receipt of completed financial information, which must be filed with the Court **on or before March 30, 2012**.

3. Failure to comply with this Order as directed will result in a recommendation that this case be dismissed without further notice.

**DONE AND ORDERED** this 8[h] day of March 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge