IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.                                      CASE NO. 1:12-cv-36-SPM-GRJ

CHERYL STINSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was filed in February 2012 and is presently before the Court because the Plaintiff has not paid the filing fee or filed a motion to proceed *in forma pauperis* and has failed to file an amended complaint as directed by the Court. Despite having been granted multiple opportunities to cure these deficiencies and to prosecute this case, Plaintiff has failed to comply with the Court's previous orders and has failed to advance this case. Accordingly, for the reasons explained below, the case should be dismissed.

## DISCUSSION

Plaintiff, an inmate confined in the Alachua County Jail, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed as a pauper. (Doc. 2.) Plaintiff did not file his Complaint on the Court's civil rights complaint form. Further, Plaintiff also failed to provide a complete financial certificate and inmate account statement in support of his motion for leave to proceed as a pauper. The Court then gave Plaintiff an opportunity to amend his complaint and file a properly completed motion to proceed *in forma pauperis*. (Doc. 4.) Plaintiff then filed a First Amended Complaint and a First Amended Motion To Proceed

In Forma Pauperis.  (Docs. 6 and 7.)

Both those filings were deficient and therefore, on March 8, 2012, the Court entered an order directing Plaintiff to provide a properly completed prisoner consent form and financial certificate in support of his motion to proceed in forma pauperis and to file an amended complaint by March 30, 2012.  (Doc. 8.)  Plaintiff failed to do so, which led the Court to enter an April 23, 2012 order to show cause.  (Doc. 9.)  In response to the Court's show cause order, Plaintiff filed what he styled as a "Motion To Show Cause."  (Doc. 10.)  In his Motion To Show Cause, Plaintiff represented he has not received some of the documents the Court has sent him in connection with this case and in connection with other lawsuits he has filed in this Court.  In response to the Plaintiff's Motion To Show Cause, the Court entered an order instructing the Clerk to resend a copy of the Court's most recent order instructing Plaintiff how to amend his complaint and how to properly fill out a motion to proceed in forma pauperis.  (Doc. 12.)  That order also informed Plaintiff he was required to properly fill out a motion to proceed in forma pauperis and properly amend his complaint on or before June 14, 2012, failing which this case would be dismissed without further notice.  Despite the Court's warning Plaintiff has not filed anything in this case since May 7, 2012.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>Eades v. Alabama Dept. of Human Resources</u>, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

*Case No: 1:12-cv-36-SPM-GRJ*

As detailed above despite the fact that the Court afforded Plaintiff multiple opportunities to cure the deficiencies in this case, Plaintiff has failed to file an amended complaint and failed to pay the filing fee or seek permission to proceed *in forma pauperis*. Indeed since May 7, 2012 Plaintiff has not filed anything further on the docket and has not taken the necessary action to advance this case.

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and for failure to obey an order of this Court.

At Gainesville, Florida, this 20th day of June, 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

.